NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-398                                      Appeals Court

CAROL DEMAYO  vs.  DAVID QUINN.

No. 14-P-398.

Berkshire.     November 3, 2014. - February 24, 2015.

Present:  Green, Wolohojian, & Blake, JJ.

Harassment Prevention.  Civil Harassment.  Protective Order.
     Words, "Specific person."

Complaint for protection from harassment filed in the Northern Berkshire Division of the District Court Department on December 13, 2013.

The case was heard by Michael J. Ripps, J.

Mark J. Pasquariello for the defendant.

BLAKE, J.  On December 17, 2013, following an ex parte

hearing, a harassment prevention order (order) was issued

against the defendant pursuant to G. L. c. 258E.  A further

evidentiary hearing was held, at which the plaintiff testified,

and the order was extended for one year.  The defendant appeals

from the extension of the order, claiming that his conduct was

neither "willful or malicious," nor "aimed at a specific person," as required by the statute. We agree as to the latter point, and accordingly vacate the order.

1. Background. The undisputed facts are as follows. The plaintiff owns a horse boarding facility; she also resides at the same property with her husband. In late August, 2013, the plaintiff discovered that particular items in the horse barn were either missing or had been rearranged. When the episodes continued, and a horse's allergy medication and needles disappeared, the plaintiff set up a video camera and contacted the police. The police then set up their own surveillance camera, which captured an unauthorized individual, eventually identified as the defendant, engaging in various activities inside the barn on five different occasions. The videotape recording of those incidents showed the defendant taking items from the barn's refrigerator, rearranging hay bales, and throwing items into a horse's stall.[1] Although the plaintiff is not the legal owner of the horse involved, the facility was responsible for its care.

2. Legal requirements. "An Act relative to harassment prevention orders," codified as G. L. c. 258E, was enacted to: (1) provide protection to victims of sexual assault, stalking,

---

[1] The items included Tupperware container covers and hand sanitizer. The barn was kept unlocked in the event the horses needed to be quickly evacuated due to weather or fire.

and criminal harassment that is unavailable under the domestic abuse prevention law, G. L. c. 209A; and (2) make violations of these orders punishable as a crime. Seney v. Morhy, 467 Mass. 58, 60 (2014).[2] In order to obtain a c. 258E order, a plaintiff must demonstrate that she is suffering from harassment. "Harassment," insofar as relevant here, is defined as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1, inserted by St. 2010, c. 23.

3. Wilful and malicious conduct. On appeal, the defendant concedes that his actions may have been intentional, but contends they were not malicious, which the statute defines as "characterized by cruelty, hostility or revenge." G. L. c. 258E, § 1. We disagree.

"A plaintiff seeking protection through a civil harassment order must show that the defendant engaged in at least three wilful and malicious acts, and that for each act the defendant intended to cause fear, intimidation, abuse, or damage to property." O'Brien v. Borowski, 461 Mass. 415, 426 n.8 (2012). Here, the uncontested evidence, as captured on video

---

[2] A relationship between the parties is not required to qualify for a c. 258E harassment prevention order; the same is not true for abuse prevention orders under c. 209A.

surveillance, shows that the defendant, on at least three occasions, caused damage to property either owned or in the care of the plaintiff. It is implicit in the judge's oral findings, particularly in relation to the horse, that the judge considered the acts to be either cruel, hostile, or both.[3] He also found that the defendant's actions placed the plaintiff in actual fear. Given the judge's findings, which we will not disturb on appeal unless clearly erroneous, Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 637 (2010), the cumulative effect of the acts were sufficient to meet the statutory definition of wilful and malicious conduct. See O'Brien v. Borowski, 461 Mass. at 426 n.8.

4. Conduct aimed at a specific person. The defendant further argues that there was insufficient evidence to conclude that his actions were aimed at the plaintiff. We agree.

Our decisional law has not yet addressed that portion of c. 258E which requires the acts to be "aimed at a specific person." However, that phrase tracks language of the criminal harassment statute, G. L. c. 265, § 43A, as amended by St. 2010, c. 92, § 10, which provides, in relevant part, that "whoever willfully and maliciously engages in a knowing pattern of

---

[3] Specifically, the judge found that destroying the horse's medication "put [the] animal at risk," and that the defendant's behavior caused harm to the horse. He further stated, "[t]he degree of maliciousness, well, if you break and enter into people's property and throw their stuff around."

conduct or series of acts over a period of time <u>directed at a</u> <u>specific person</u>, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of criminal harassment" (emphasis added).  See <u>O'Brien</u> v. <u>Borowski</u>, 461 Mass. at 420 ("Both civil and criminal harassment require proof of three or more acts of wilful and malicious conduct aimed at a specific person"); <u>Commonwealth</u> v. <u>Johnson</u>, 470 Mass. 300, 312 (2014) ("Section § 43A[<u>a</u>] requires that the Commonwealth prove three or more predicate acts of harassment that were 'directed at a specific person'").

In the criminal context, the "'specific person' referred to is the victim -- the person who is 'seriously alarm[ed]' by the harassment." <u>Commonwealth</u> v. <u>Welch</u>, 444 Mass. 80, 90 (2005), quoting from G. L. c. 265, § 43A(<u>a</u>).  More precisely, "this provision, by its plain terms, requires the Commonwealth to establish, at the very least, that the defendant intended to target the victim with the harassing conduct on at least three occasions." <u>Ibid</u>.  Although not defined in G. L. c. 258E, § 1, we see no reason for this shared term ("at a specific person") to have a different meaning in the context of civil harassment.

Here, there is nothing about the actions of the defendant to suggest that he undertook them with an intent to cause fear on the part of the plaintiff, or anyone at the property.  The

plaintiff acknowledged that she lived on the property with her husband, that customers of the barn came to and from the property at all times of the day and night, and that an unrelated family of four also lived on the property. Moreover, the parties did not know one another. The plaintiff also acknowledged that while she did not know the defendant, she knew of his family and that he had a brother.[4] In fact, it was the police who identified this defendant as the individual depicted on video surveillance. There was no apparent or inferential animus between the plaintiff and the defendant.

While a relationship between the parties is not a requirement to secure a c. 258E order, given the number of residents on, and visitors to, the plaintiff's property, in combination with a defendant and plaintiff unknown to one another, there is insufficient evidence in this case to conclude that the defendant's acts were directed specifically at the plaintiff, or at a specific person at all.[5]

---

[4] We do not suggest that a defendant must know the target of harassing conduct personally to be the subject of a harassment prevention order. We recognize that in circumstances other than those of the present case, evidence may allow a reasonable inference to be drawn that the defendant intends his conduct to cause fear, intimidation, abuse, or property damage to an identifiable, although unknown, person.

[5] We recognize that wilful damage to property may cause distress or concern to the owner of that property, whomever that might be. In our view, however, property damage, without more,

While the judge entered no written findings, at the conclusion of the hearing, he made certain oral findings. In response to the defendant's claim that the acts were not wilful or malicious, the judge stated: "Well, certainly willful in the sense that it was done deliberately. I think you can infer that." At the conclusion of the hearing, the judge stated: "I'm satisfied there's three or more incidents, and I'm extending the order until December 16th, 2014." The judge made no findings as to whether the defendant's actions were directed at the plaintiff. While the defendant's actions are understandably disturbing and unsettling to the plaintiff, the evidence does not support a finding that he intended to target her specifically. Cf. Commonwealth v. McDonald, 462 Mass. 236, 243 (2012) (reversal of criminal harassment conviction where conduct did not have sufficient connection to plaintiff).

Accordingly, we remand the case to the District Court for entry of an order vacating the harassment prevention order against the defendant.

So ordered.

---

may be inadequate to satisfy the requirement of c. 258E that the action be aimed at a specific person.