NEYMAN, J.
*376 The plaintiff, F.W.T., is the son of the defendant, F.T. The parties agree that they have been embroiled in multiple lawsuits involving land use since May, 2014.[1] On November 16, 2016, the plaintiff filed a complaint in the District Court seeking a harassment prevention order against the defendant pursuant to G. L. c. 258E. At an ex parte hearing held that same day, a judge continued the case until November 22, pending notice to the defendant. At the November 22 hearing, at which the defendant did not appear, the plaintiff presented evidence; at the end of the hearing, the judge issued a harassment prevention order for one *377 year (c. 258E order) that, inter alia, precluded the defendant from flying a drone over the plaintiff's property or worksite.
On December 30, 2016, the defendant filed a motion to vacate the c. 258E order, contending that: (1) he did not receive actual notice of the hearing before the c. 258E order was entered against him; (2) the plaintiff violated G. L. c. 258E, § 3(g ), by failing to disclose prior or pending court actions; and (3) the evidence proffered *338 by the plaintiff at the November 22 hearing was legally inadequate to support the issuance of the c. 258E order.[2] On January 26, 2017, the judge who issued the c. 258E order held a hearing on the motion to vacate, which he subsequently denied on February 14, 2017.[3] The defendant now appeals from the order denying his motion to vacate, contending essentially that the c. 258E order should not have issued and that the motion to vacate should have been allowed. We agree that the evidence presented to the judge was insufficient to support the issuance of the c. 258E order, and thus the order denying the motion to vacate must be reversed.[4]
Standard of review. We review an order issued under c. 258E to determine whether a fact finder could conclude "by a preponderance of the evidence, together with all permissible inferences, that the defendant had committed [three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property *378 and that [did] in fact cause fear, intimidation, abuse or damage to property." Gassman v. Reason, 90 Mass.App.Ct. 1, 7, 55 N.E.3d 997 (2016) (quotation omitted). "[T]there are two layers of intent required to prove civil harassment under c. 258E: the acts of harassment must be wilful and '[m]alicious,' the latter defined as 'characterized by cruelty, hostility or revenge,' and they must be committed with 'the intent to cause fear, intimidation, abuse or damage to property.' " O'Brien v. Borowski, 461 Mass. 415, 420, 961 N.E.2d 547 (2012), quoting from G. L. c. 258E, § 1.
Discussion. On appeal, the plaintiff asserts that there was evidence of more than three acts of harassment raised and proved before the judge. Upon review of the record, including the complaint, the plaintiff's affidavit in support of the complaint, and the transcripts of the November 16 and November 22 hearings, the plaintiff arguably alleged the existence of five incidents. Specifically, he presented evidence that the defendant had one of his employees fly a drone over the plaintiff's property on at least three occasions; that on one such occasion the drone flew "in front of" or in the "line of sight" of a contractor operating heavy machinery; and that, on at least two occasions, persons entered the property to "video the site" at the direction of the defendant. As to the *339 drone in the "line of sight" incident, there is no indication in the record as to the proximity of the drone to any worker or machinery. This evidence fell short of justifying the order.[5]
Initially, the parties dispute whether the alleged harassment was "aimed at a specific person" as required by the plain language of G. L. c. 258E, § 1, inserted by St. 2010, c. 23, defining "[h]arassment," in relevant part, as "[three] or more acts of willful and malicious conduct aimed at a specific person." The defendant contends that the conduct was, at most, aimed at property or a worker thereon. The plaintiff counters that we can infer from the circumstances that the defendant's directives were intended to target the plaintiff. See DeMayo v. Quinn, 87 Mass.App.Ct. 115, 117, 25 N.E.3d 903 (2015). In view of the long-standing and ongoing personal and legal quarrel between the parties, the alleged efforts by the defendant to impede the plaintiff's development of the property, and the timing and scope of the conduct at issue, we will assume without deciding that the plaintiff's inference *379 is warranted in the instant case. That notwithstanding, the sparse evidence proffered by the plaintiff does not support a finding that the acts were wilful and malicious or that their " 'entire course ...' caused 'fear, intimidation, abuse or damage to property.' " Seney v. Morhy, 467 Mass. 58, 63, 3 N.E.3d 577 (2014), quoting from O'Brien, supra at 426 n.8, 961 N.E.2d 547. Thus, as we discuss below, reversal of the order denying the motion to vacate is required.[6]
There is no evidence in the record, and we cannot infer, that the defendant's actions were actually intended to cause fear, intimidation, abuse, or damage to property as those terms have been defined in our case law. See Gassman, 90 Mass.App.Ct. at 9, 55 N.E.3d 997. See also O'Brien, 461 Mass. at 430, 961 N.E.2d 547. The plaintiff maintains that the incident involving the drone flying in the "line of sight" of an operator of heavy machinery, viewed in context of the history of litigation between the parties, was sufficient to meet the statutory requirements delineated above. We disagree. We are unpersuaded that the mere existence of litigation permits the inference that the defendant acted maliciously within the meaning of c. 258E, let alone that he intended to cause fear, intimidation, abuse, or damage to property, in regard to that incident or the others.[7]
*340 Moreover, flying drones over or trespassing onto the property to videotape the worksite, viewed separately or as a whole, does not constitute harassment within the meaning of c. 258E. A line of precedent clarifies that this category of conduct, however nettlesome, does not justify the issuance of a c. 258E order. See, e.g., Seney, supra at 63-64, 3 N.E.3d 577 ; Van Liew v. Stansfield, 474 Mass. 31, 38-39, 47 N.E.3d 411 (2016) ; Gassman, 90 Mass.App.Ct. at 8-9, 55 N.E.3d 997 ; C.E.R. v. P.C., 91 Mass.App.Ct. 124, 126, 71 N.E.3d 915 (2017). Contrast A.T. v. C.R., 88 Mass.App.Ct. 532, 533-537, 39 N.E.3d 744 (2015) (sufficient evidence of a pattern of harassment where the defendant made an inappropriate sexual comment to the plaintiff, threatened to make her life a "living hell" if she told anyone about it, discussed his sexual *380 fantasy about her in front of their school class, and threatened to punch her in the breasts); V.J. v. N.J., 91 Mass.App.Ct. 22, 23-28, 68 N.E.3d 1195 (2017) (sufficient evidence of at least three separate incidents of harassment where the defendant approached the plaintiff from behind and grabbed her across her chest in a "bear hug" as if attempting to "abduct" her, verbally assaulted her by calling her names and threatening her job, and refused to leave absent removal by police).
While the defendant's actions may have been disruptive or "abusive" in an idiomatic sense, they fall well short of satisfying the two layers of intent mandated by our jurisprudence.[8] See O'Brien, 461 Mass. at 420, 961 N.E.2d 547 ; C.E.R., 91 Mass.App.Ct. at 131-132, 71 N.E.3d 915 ("the defendants' conduct-while boorish and no doubt upsetting and logistically and financially problematic for the plaintiff-did not constitute 'harassment' within the meaning of c. 258E"). See also Gassman, 90 Mass.App.Ct. at 8, 55 N.E.3d 997 ("The inclination to issue an order for the parties to stay away from one another, concluding that such an order cannot do any harm, is understandable. Nonetheless, harassment prevention orders issued pursuant to G. L. c. 258E carry significant collateral consequences for a defendant"). In short, there was insufficient evidence to support the issuance of the c. 258E order. See Seney, 467 Mass. at 63-64, 3 N.E.3d 577.
Conclusion. Accordingly, the order entered February 14, 2017, denying the motion to vacate the c. 258E order is reversed.[9]
So ordered.

That the parties have been engaged in numerous legal disputes for some time now is one of the precious few issues upon which they concur. As best we can tell from the record, these disputes primarily concern the plaintiff's purchase of the defendant's land-adjacent to the defendant's commercial property-and his subsequent development of that land. However, for purposes of deciding this appeal, we need not delve further into the lamentable history of litigation between them.

The defendant had previously filed the motion to vacate on December 15, 2016, and it was denied without prejudice on December 28, 2016, by a judge who did not issue the c. 258E order. According to the defendant, that judge denied the motion "on the grounds that the motion to vacate should be heard by the Judge who had issued the [c. 258E] order."

According to the plaintiff, and undisputed by the defendant, the January 26 hearing on the motion to vacate was a nonevidentiary hearing. The defendant represents that neither a tape recording nor a transcript of that hearing is available. The defendant did not prepare a "statement of the evidence or proceedings" pursuant to Mass.R.A.P. 8(c), as amended, 378 Mass. 933 (1979). Consequently, we are constrained to conduct our analysis without the benefit of a full record of the District Court proceedings. That notwithstanding, this is the unusual case in which we are still able to decide the matter on the record before us, because the material facts from the District Court proceedings are apparent from the appellate record, which includes the pleadings and transcripts from the November 16 and November 22 hearings.

On appeal, the parties, each represented by counsel, squarely raised and briefed the issue of the sufficiency of the evidence with regard to the issuance of the c. 258E order on November 22. Accordingly, and absent any claimed procedural deficiency, we address the issue herein. See Commonwealth v. Fay, 467 Mass. 574, 583 n.9, 5 N.E.3d 1216 (2014) ; Lombardi v. Lombardi, 68 Mass.App.Ct. 407, 410, 862 N.E.2d 436 (2007).

In his opposition to the motion to vacate, the plaintiff references another incident in which a drone was allegedly flown into a subcontractor's line of sight. This evidence was not presented to the judge prior to the issuance of the c. 258E order. Even assuming that it had been presented, the evidence nonetheless suffers from the shortcomings detailed herein.

It was also error to deny the motion to vacate without affording the defendant an evidentiary hearing where there was no evidence presented at the November 22 hearing that the defendant had received actual notice of the proceeding; and the defendant made a plausible showing in the motion to vacate (which the judge did not reject) that, at the time the c. 258E order was entered against him, he had not received notice of the hearing because he had been in Florida from November 14 to November 29, 2016. See J.S.H. v. J.S., 91 Mass.App.Ct. 107, 109, 71 N.E.3d 910 (2017). Contrast Commonwealth v. Henderson, 434 Mass. 155, 161-162, 747 N.E.2d 659 (2001) ; M.M. v. Doucette, 92 Mass.App.Ct. 32, 34, 37-39, 81 N.E.3d 1210 (2017).

In addition, the evidence in the record failed to establish that the acts at issue did "in fact cause fear, intimidation, abuse or damage to property," as required by precedent. G. L. c. 258E, § 1. See O'Brien, 461 Mass. at 426 n.8, 961 N.E.2d 547 (in so determining, "fact finder must look to the cumulative pattern of harassment").

Our decision should not be construed as approving of the defendant's conduct. To the contrary, the alleged actions, if properly established, may be grounds for a claim of nuisance, trespass, or other cause of action, enforceable through properly obtained injunctive, equitable, or other relief. See Rattigan v. Wile, 445 Mass. 850, 841 N.E.2d 680 (2006) ; Dilbert v. Hanover Ins. Co., 63 Mass.App.Ct. 327, 333, 825 N.E.2d 1071 (2005). We hold only that the facts of this case do not support the issuance of a harassment prevention order under c. 258E.

At oral argument, the parties advised that the initial c. 258E order was extended in November, 2017, while this appeal was pending, and that the defendant did not appear at the extension hearing. Although the extension order is not before us, the current appeal has not become moot. See Seney, 467 Mass. at 61-62, 3 N.E.3d 577. In view of our determination that the c. 258E order should not have issued, we leave it to the defendant to seek appropriate relief from the trial court with regard to the extension order. See F.A.P. v. J.E.S., 87 Mass.App.Ct. 595, 603 n.18, 33 N.E.3d 1245. (2015).