The defendant appeals from orders[2] entered pursuant to G. L. c. 258E.[3] Because neither order rested on sufficient evidence, we vacate them.
The request for the harassment prevention order arose from a dispute between the defendant and his neighbor, the plaintiff, stemming from the defendant's failure to abide by the plaintiff's requests that the defendant communicate to the plaintiff only through the defendant's lawyer and cease entering the plaintiff's property. In contravention of these requests, the defendant continued to leave a "numerous amount of notes" on the plaintiff's vehicle and property,[4] continued to text the plaintiff, hung a bag of chocolates on the plaintiff's fence ostensibly to harm the plaintiff's dog, removed (or threatened to remove) boundary markers set down by the plaintiff's surveyor, and power washed a portion of the plaintiff's garage "just to be passive aggressive." The plaintiff testified that the defendant's conduct was "consistent, intimidating behavior when I've asked him to refrain. ... I'm also intimidated and afraid ... there's times when he's at the driveway where I don't even want to go out .... I don't want to go out there and have to deal with him arguing with me." In extending the harassment prevention order, the District Court judge[5] relied on the following three acts: hanging chocolates on the plaintiff's fence, the survey markers incident, and power washing the garage.
"[A] protective order under c. 258E requires a finding of 'harassment,' defined in c. 258E, § 1, as '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property.' " O'Brien v. Borowski, 461 Mass. 415, 419 (2012). To prove civil harassment under c. 258E, a plaintiff must show two layers of intent: the acts of harassment must be wilful and malicious, and they must be committed with the intent to cause fear, intimidation, abuse, or damage to property. Id. at 420.
With regard to the text messages and the notes at issue in this case,[6] where speech is the conduct complained of, it must be either in the form of "fighting words" or "true threats" to satisfy the meaning of "civil harassment" for purposes of c. 258E. Id. at 425. None of the text messages in this case involve this type of constitutionally unprotected speech. As for the notes, none are in the record, and there is no evidence of their content. Accordingly, we cannot determine whether the notes include content that can be subject to a civil harassment order. Furthermore, while the plaintiff was frustrated or annoyed that the defendant ignored the plaintiff's requests to cease all attempts to directly communicate with him, this is not the type of fear, intimidation, abuse, or property damage that G. L. c. 258E proscribes. Id. at 420.
With regard to the act of removing survey markers (or threatening to do so), there was no evidence that it was intended to cause or caused the plaintiff to fear physical harm, harm to property, or intimidation. At most, the plaintiff testified that he suffered economic loss-the cost of having the surveyor do the property line demarcation again.[7] See C.E.R. v. P.C., 91 Mass. App. Ct. 124, 126 (2017). Regarding the power washing incident, again there was no evidence that this act was intended to cause or caused the type of harm required for an order under G. L. c. 258E. The plaintiff's testimony was only that the conduct was passive aggressive. While the defendant's actions may have gone against the plaintiff's requests, they fall well short of satisfying the requirements under G. L. c. 258E. See F.W.T. v. F.T., 93 Mass. App. Ct. 376, 379 (2018). Thus, even assuming arguendo that hanging the bag of chocolates was a malicious, wilful act committed with the intent to harm the plaintiff's dog and which caused the requisite fear, there were no other qualifying acts that would permit the orders.
Accordingly, the harassment prevention orders entered on June 19, 2017, and July 27, 2017, are vacated.
So ordered.
Vacated

A first order was entered on June 19, 2017, at a hearing where the defendant was absent. The defendant filed a motion to terminate the first order on the ground that he had not received notice of the hearing. Although the first order "remain[ed] in effect," the defendant's motion was allowed in order "to allow the defendant to be present and contest" the first order. On July 27, 2017, a hearing was held at which both parties were present. At that time, the second order, extending the G. L. c. 258E order, was entered.

The second order expired by its own terms on July 26, 2018. The case is not moot, however, because the defendant has an interest in "removing any stigma from [his] name through the destruction of the order." Seney v. Morhy, 467 Mass. 58, 62 (2014).

The plaintiff also testified that the defendant also returned the plaintiff's garbage barrel to the plaintiff's property in "a passive aggressive way to say I'm not listening to you."

The first order was entered by a different District Court judge, who did not set forth his reasons for entering the order.

Although the second order was not based on the messages and the notes, the first order may have been, and accordingly we include them in our analysis.

The plaintiff indicated that he is pursuing a separate civil action for damages.