NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-561

S.S.

vs.

R.K.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant R.K. appeals from a G. L. c. 258E harassment prevention order (HPO) entered against him in 2018, a one-year extension order entered in 2019, a twenty-five year extension order entered in 2020, and a 2022 order denying R.K.'s motion to reconsider the 2020 order.  The orders rest primarily on the plaintiff S.S.'s allegations, implicitly or explicitly credited to varying degrees by the three different District Court judges who issued the orders, that R.K. had repeatedly raped her in 2004 and that as a result she still feared him.  Seeing no basis to disturb the judges' credibility determinations and no abuse of discretion or other error of law, we affirm the 2020 and 2022 orders and dismiss as moot the appeals from the 2018 and 2019 orders.

To obtain the initial HPO, S.S. bore the burden of showing, by a preponderance of the evidence, that R.K. committed "an act that . . . by force, threat or duress cause[d] [S.S.] to involuntarily engage in sexual relations."  G. L. c. 258E, § 1. See F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 599-600 (2015).  To obtain an extension of the order, S.S. was required to show that "there [was] a continued need for the order because the damage resulting from . . . [the sexual assault] affects [her] even when further physical attack [or sexual assault] is not reasonably imminent."  Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 257 (2022), quoting Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020).  Once that burden was met, the court could "extend the order for any additional time reasonably necessary to protect the plaintiff."  G. L. c. 258E, § 3 (d).

We review an HPO "for an abuse of discretion or other error of law" (quotations and citations omitted).  Yasmin Y., 101 Mass. App. Ct. at 256.  We review factual findings for clear error, see DeMayo v. Quinn, 87 Mass. App. Ct. 115, 116-117 (2015), and we "scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts."  G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting Iamele v. Asselin, 444 Mass. 734, 741 (2005).  However, "[w]e accord the credibility determinations of the judge who 'heard the testimony

2

of the parties . . . [and] observed their demeanor,' the utmost deference." Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999). "[W]e will not substitute our judgment for that of the trier of fact." G.B., supra at 393, quoting Iamele, supra at 741. "In a bench trial credibility is 'quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings.'" Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).

Here, R.K's argument that S.S. failed to meet her burden rests entirely on an attack on S.S.'s credibility. Although R.K. has ably mustered a variety of reasons why S.S. should not be believed, the judges credited her testimony. We will not second-guess those determinations, nor has R.K. shown that the judge's key 2020 findings of fact were clearly erroneous. S.S.'s testimony, even without corroboration, was sufficient basis to find that the rapes occurred. See Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021).

We recognize that, although S.S. testified that she was as sure of certain 2020 allegations against R.K. as she was of her original rape allegations, the judge ruling on R.K.'s motion to reconsider the 2020 order ultimately concluded that R.K.'s

3

version of the 2020 events was credible.  Nevertheless, the judge did, and was free to, "continue to find credible [S.S.'s] testimony about the defendant raping her as a child . . . and [her] testimony that she continues to fear [R.K.] will kill her."  It is settled that a judge may "accept or reject in whole or in part the testimony of the witnesses."  Learned v. Hamburger, 245 Mass. 461, 468 (1923).  Cf. Commonwealth v. Cruz, 98 Mass. App. Ct. 383, 392 (2020) (jury may believe part of witness's testimony and reject part, or believe all or reject all).

The 2020 extension order and the 2022 order denying R.K.'s motion for reconsideration are affirmed.  Because the 2020 extension order is affirmed and the 2018 and 2019 orders are no longer in effect, there is no effective relief from those orders available to R.K.  Accordingly, the appeals from those two orders are dismissed as moot.

So ordered.

By the Court (Wolohojian, Desmond & Sacks, JJ.[1]),

*Joseph F. Stanton*
Clerk

Entered:  October 31, 2023.

---

[1] The panelists are listed in order of seniority.

4