NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-697

D.C.

vs.

K.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, K.D., appeals from the issuance of a harassment prevention order in favor of the plaintiff, D.C., pursuant to G. L. c. 258E, § 3. We affirm.

Background. On January 18, 2024, the plaintiff filed a complaint for a harassment prevention order. A judge of the District Court scheduled a two-party hearing with notice to the defendant. On February 29, 2024, both parties, represented by counsel, appeared and testified at the hearing. The parties lived next door to each other and had an antagonistic and hostile relationship involving an ongoing dispute over their property lines. The plaintiff's testimony, which the judge credited, included her account of the defendant's coming to her

house, pinning her against the wall, spitting in her face, and touching her shoulders. The plaintiff testified that she was able to call 911 and scream for help. The plaintiff also told the judge about a second incident where the defendant called the police to ask them to arrest her for trespassing and told her, "I'm going to make your life a living hell, and you're going to regret it." The plaintiff asked the police officer to walk her to the door because she did not want to go past the defendant alone. She also testified that the defendant made unconsented physical contact with her when he extended his arm against her arm while she was in the court clerk's office on the morning of the court hearing. At the conclusion of the hearing, the judge credited the plaintiff's testimony and issued the harassment prevention order for one year.

Discussion. In reviewing the issuance of a harassment prevention order, we consider whether the judge erred in finding "by a preponderance of the evidence, together with all permissible inferences, that the defendant had committed '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that [did] in fact cause fear, intimidation, abuse or damage to property.'" Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016), quoting Seney v. Morhy, 467 Mass. 58, 60 (2014).

2

We conclude that the record supports the judge's finding that the defendant committed three or more acts of harassment under G. L. c. 258E. The judge had the opportunity to evaluate the witnesses' demeanor and credited the plaintiff's testimony about the defendant's three acts. See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions").

The defendant contends that his physical contact with the plaintiff in the clerk's office was not made with the intent to place the plaintiff in fear of physical harm. Viewing that contact in the context of the parties' tense relationship, the judge permissibly found that the contact was intended to, and in fact did, intimidate the plaintiff immediately before the court hearing. We will not disturb a judge's factual findings unless they are clearly erroneous. DeMayo v. Quinn, 87 Mass. App. Ct. 115, 117 (2015), citing Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 637 (2010).

The defendant argues that his statement, "I'm going to make your life a living hell, and you're going to regret it," was not made with the intent to place the plaintiff in fear of physical harm. When an act consists solely of speech, it "must be either a 'true threat' . . . or 'fighting words.'" A.R. v. L.C., 93 Mass. App. Ct. 758, 760 (2018), quoting O'Brien v. Borowski, 461

3

Mass. 415, 425 (2012).  True threats include "direct threats of imminent physical harm" and "words or actions that -- taking into account the context in which they arise -- cause the victim to fear such [imminent physical] harm now or in the future." O'Brien, supra.  "A true threat does not require 'an explicit statement of an intention to harm the victim as long as circumstances support the victim's fearful or apprehensive response.'"  O'Brien, supra at 424, quoting Commonwealth v. Chou, 433 Mass. 229, 234 (2001).

Viewed in the context of the parties' ongoing conflict and the defendant's other hostile and unwanted conduct towards the plaintiff, the record supports the judge's conclusion that the defendant's statement that "I'm going to make your life a living hell, and you're going to regret it" caused the plaintiff to fear imminent physical harm.  See A.T. v. C.R., 88 Mass. App. Ct. 532, 536 (2015) (defendant's threat to "make your life a living hell" fell within the definition of "true threat").[1]  We

---

[1] The defendant also contends that the installation of a camera prior to the plaintiff's moving next door and his videotaping of the plaintiff did not evince the requisite intent to place the plaintiff in fear of harm.  As the judge's order was based on three other qualifying acts of harassment, we need not address the sufficiency of this fourth act.

discern no error in the judge's findings and his decision to issue the harassment prevention order.[2]

Harassment prevention order dated February 29, 2024, affirmed.

By the Court (Sacks, Hershfang & Tan, JJ.[3]),

*Paul Little*

Clerk

Entered:  June 16, 2025.

---

[2] The defendant lastly contends that issuance of the harassment prevention order unconstitutionally deprives the defendant of the use of his property.  The defendant, however, does not cite any pertinent authority to support the proposition that issuance of a harassment protection order in favor of an aggrieved neighbor would result in deprivation of the defendant's constitutional rights.  See O'Brien, 461 Mass. at 420 (statutory scheme governing issuance of harassment prevention orders under G.L. c. 258E "carefully crafted by the Legislature" to address acts of harassment and constitutionally unprotected speech).

[3] The panelists are listed in order of seniority.