STEPHEN METZLER *vs.* DELORES LANOUE[1] & another.[2]

No. 03-P-1573.

Middlesex. September 15, 2004. - December 9, 2004.

Present: GREENBERG, LENK, & KAFKER, JJ.

*Practice, Civil,* Interlocutory appeal, Appeal, Motion to dismiss. *"Anti-SLAPP" Statute.*

This court concluded that the allowance of a special motion to dismiss a complaint under G. L. c. 231, § 59H, the anti-SLAPP statute, was not immediately appealable because it did not render futile a plaintiff's rights of appeal from final judgment. [656-658]

CIVIL ACTION commenced in the Superior Court Department on December 5, 2002.

A special motion to dismiss was heard by *Elizabeth M. Fahey,* J.

*Timothy J. Ebacher* for the plaintiff.

*Vincent L. DiCianni* for the defendants.

KAFKER, J. The defendants, Delores Lanoue and Mark Giurleo, complained to officials in the Lowell school department that their supervisor, the plaintiff Stephen Metzler, sexually harassed them at work. Claiming that their charges were completely fabricated, Metzler brought suit against both Lanoue and Giurleo for slander, libel, and intentional infliction of emotional distress. Lanoue and Giurleo filed counterclaims of intentional and negligent infliction of emotional distress, sexual harassment, and abuse of process against Metzler; they also moved to dismiss his complaint under G. L. c. 231, § 59H, the

---

[1]We spell Lanoue's first name as it appears on the complaint and the docket, although pleadings she has filed suggest she spells her name "Dolores."

[2]Mark Giurleo.

anti-SLAPP statute.[3] A Superior Court judge allowed defendants' special motion to dismiss,[4] but did not rule on the defendants' counterclaims and did not enter a final judgment under Mass.R. Civ.P. 54(b), 365 Mass. 820 (1974). The plaintiff appeals from the allowance of the special motion to dismiss.

Generally, "an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits." *Fabre* v. *Walton*, 436 Mass. 517, 520-521 (2002), quoting from *Ashford* v. *Massachusetts Bay Transp. Authy.*, 421 Mass. 563, 565 (1995). The Supreme Judicial Court has, however, identified narrow exceptions to this rule. *Fabre* v. *Walton, supra* at 521. Under the doctrine of present execution, for example, an "immediate appeal of an interlocutory order is allowed if the order will interfere with rights in a way that cannot be remedied on appeal from the final judgment." *Ibid.* See *Breault* v. *Chairman of the Bd. of Fire Cmmrs. of Springfield*, 401 Mass. 26, 30 (1987), cert. denied sub nom. *Forastiera* v. *Breault*, 485 U.S. 906 (1988) ("even where part of an action remains undetermined, we treat an order as final if it is to be executed presently with the result that any later appeal would be futile"). The court has also found that disqualification of counsel orders are immediately appealable as they are "similar in effect to the orders and decrees listed under the doctrine of present execution," because they too are "effectively unreviewable on appeal from judgment." *Borman* v. *Borman*, 378 Mass. 775, 780 (1979).

In *Fabre* v. *Walton, supra* at 521-522, the court expressly held that the *denial* of a special motion to dismiss pursuant to the anti-SLAPP statute was likewise a "limited" exception to the finality rule. The court concluded that the Legislature designed the anti-SLAPP statute to immunize petitioners from

---

[3]The acronym "SLAPP" stands for Strategic Lawsuit Against Public Participation. See *Baker* v. *Parsons*, 434 Mass. 543, 544 n.2 (2001).

[4]To prevail on a special motion, the moving party must first make a threshold showing that the claims are " 'based on' the petitioning activities alone." *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 167 (1998). The burden then shifts to the nonmoving party to prove that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." *Baker* v. *Parsons*, 434 Mass. at 551-552, quoting from G. L. c. 231, § 59H.

"harassing litigation and the costs and burdens of defending against retaliatory lawsuits." *Id.* at 520. When a special motion to dismiss is denied, the moving party presently loses that protection because she will then have to defend against "harassing litigation" — the very problem the anti-SLAPP statute seeks to avoid. If the moving party is not allowed to appeal immediately, her ultimate appeal will therefore be futile because even if she wins, she will have had to defend herself at trial. *Ibid.* The court likened the anti-SLAPP situation to governmental immunity cases in which "[t]he right to immunity from suit would be 'lost forever' if an order denying it were not appealable until the close of litigation." *Id.* at 521, quoting from *Brum* v. *Dartmouth*, 428 Mass. 684, 688 (1999). See *Breault* v. *Chairman of the Bd. of Fire Commrs. of Springfield*, 401 Mass. at 31; *Kent* v. *Commonwealth*, 437 Mass. 312, 316 (2002).

Conversely, when a special motion to dismiss — which is not dispositive of the entire case — is allowed, the nonmoving party's appeal after a final judgment is not futile. See *Borman* v. *Borman*, 378 Mass. at 782. If the judge were incorrect in allowing the special motion, the claim improperly dismissed can be resurrected. We are unpersuaded by the plaintiff's unsupported argument that dismissing the interlocutory appeal would increase the over-all burden on litigants and might lead to uncertain results at the trial level. Regardless, interlocutory review runs counter to our "bedrock policy against premature and piecemeal appeals." *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 388 (2000) (denying rule 54[b] certification for partial summary judgment that eliminated theory of relief, but did not finally adjudicate a separate claim). Compare *Baker* v. *Parsons*, 434 Mass. 543, 547-548 (2001) (plaintiff's appeal from allowance of defendants' G. L. c. 231, § 59H, motion to dismiss complaint not interlocutory where defendants thereafter voluntarily dismissed counterclaims and final judgment entered).

In conclusion, the *allowance* of the special motion to dismiss — which is not dispositive of all claims and is not the subject of a rule 54(b) certification — is not immediately appealable because it does not render futile plaintiff's rights of appeal from

final judgment. See *Borman* v. *Borman*, 378 Mass. at 779-782; *Fabre* v. *Walton*, 436 Mass. at 521.

*Appeal dismissed.*