Following a hearing after notice, a judge in the District Court issued a harassment prevention order pursuant to G. L. c. 258E in favor of N.G. against D.N. D.N. appeals. We affirm.
Background. The judge heard the following evidence and, at the end of the hearing, explicitly credited the documentary evidence and testimony of N.G. and her grandson, A.G. III.[2] The parties live across the street from one another. In November 2016, N.G. obtained a one-year harassment prevention order against D.N. The court denied N.G.'s request to extend the order.
On June 5, 2018, N.G., her adult son A.G. Jr., and her minor grandson A.G. III filed complaints for harassment prevention orders against D.N. After an ex parte hearing, no order issued and all parties were ordered to appear for a scheduled hearing. On June 11, 2018, D.N. filed complaints for harassment prevention orders against A.G. Jr. and N.G. A hearing was held on all the complaints on June 12, 2018.
N.G. offered evidence that D.N. committed four acts of harassment: D.N. (1) intentionally extended her leg into the street as N.G. approached in her vehicle, causing N.G. to swerve; (2) yelled, "But, your Honor" at N.G. on three occasions following N.G.'s failure to obtain an extension of the 2016 harassment prevention order (apparently mocking N.G. because her request to further extend the earlier order had been denied); (3) yelled, "You have every reason to be scared of me"; and (4) threatened to kill N.G. in 2016.
As stated, the judge found the evidence of N.G. and A.G. III credible and issued harassment prevention orders on their behalf; the judge declined to issue any other orders. D.N. appeals from the order in favor of N.G.[3]
Discussion. "In reviewing a civil harassment order under G. L. c. 258E, we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed acts that constituted one of the enumerated forms of harassment." A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 274 (2017). As relevant here, harassment is defined as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1. The standard for assessing a plaintiff's fear is a subjective one. See O'Brien v. Borowski, 461 Mass. 415, 427-428 (2012). However, "fear is narrowly defined as fear of physical harm or fear of physical damage to property." Van Liew v. Stansfield, 474 Mass. 31, 37-38 (2016).
1. Abuse of discretion. D.N. challenges the judge's credibility determinations and argues that the acts alleged by N.G. did not give rise to harassment under G. L. c. 258E.[4]
Here, it is clear that the judge carefully observed the parties and additional witnesses and listened thoughtfully to the evidence. As fact finder, the judge had the authority to evaluate the witnesses' testimony and weigh the conflicting evidence. See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions"). After careful review, we are satisfied that the judge was warranted in issuing the order based on D.N.'s kicking her leg out at N.G.'s car, which could be very dangerous to both parties; D.N.'s statement that "[y]ou have every reason to be scared of me"; and D.N.'s threat to kill N.G. in 2016.[5] We see no error or abuse of discretion.
2. Protected speech. D.N.'s argument that the harassment prevention order violated her civil rights under the First Amendment to the United States Constitution is similarly unavailing. The definition of harassment applies to speech only if it falls outside the protections of the First Amendment, such as when it consists of "fighting words" or "true threats." See O'Brien, 461 Mass. at 422.[6]
D.N.'s statement, "You have every reason to be scared of me," and her threats to kill N.G. (and other members of her family) are not protected speech, as they constitute true threats. See id. at 425; Commonwealth v. Robicheau, 421 Mass. 176, 181, 183 (1995) (holding that threat to kill plaintiff violated protective order issued pursuant to G. L. c. 209A and was not protected by First Amendment); J.C. v. J.H., 92 Mass. App. Ct. 224, 227-229 (2017) (holding that defendant's statements that plaintiff "should be scared" and that he would "ruin" her constituted "true threats").
Harassment prevention order dated June 12, 2018, affirmed.

Because the judge did not express specific findings, we draw the facts from the record. See V.J. v. N.J., 91 Mass. App. Ct. 22, 25 (2017).

Separately, D.N. also appeals from the order in favor of A.G. III and from the denial of relief on her complaint for an order against A.G. Jr. See Appeals Ct. Nos. 18-P-1056 and 18-P-1055. Our decisions in those two appeals issue this same day.

D.N. also challenges the judge's consideration of her alleged threat to kill N.G., contending that the issue was addressed in the c. 258E proceedings in 2016 and 2017 and, therefore, is precluded. In evaluating a harassment prevention order, "the judge must 'examine the words and conduct "in the context of the entire history of the parties' hostile relationship" ' " (emphasis added). G.B. v. C.A., 94 Mass. App. Ct. 389, 393-394, 398 (2018), quoting Vittone v. Clairmont, 64 Mass. App. Ct. 479, 487 (2005). The fact that the allegation was apparently credited in granting the earlier order does not mean it cannot be considered in whether a new order should issue after more recent acts of harassment. G.B., 94 Mass. App. Ct. at 394. While G.B. pertains to an abuse prevention order pursuant to G. L. c. 209A, such case law is often applied to cases arising under G. L. c. 258E. See A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017) (noting analogous origin, purpose, and language of G. L. c. 209A and G. L. c. 258E). This older act can be coupled with the more recent allegations.

The judge also could have interpreted D.N.'s yelling to A.G. III as he walked the dog, "Fuck the G[ ]s. I will kill you all," as including a threat against N.G.

"Fighting words" are "face-to-face personal insults that are so personally abusive that they are plainly likely to provoke a violent reaction and cause a breach of the peace." O'Brien, 461 Mass. at 423. "True threats" are statements made with the purpose of communicating "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals" (citation omitted). Id. A true threat need not threaten imminent harm. See J.C. v. J.H., 92 Mass. App. Ct. 224, 229 (2017). Rather, "aggressive language 'directed at and received by an identified victim may be threatening, notwithstanding the lack of evidence that the threat will be immediately followed by actual violence or the use of physical force.' " O'Brien, supra, quoting Commonwealth v. Chou, 433 Mass. 229, 235 (2001).