Following an evidentiary hearing after notice, a judge in the District Court declined to issue a harassment prevention order under G. L. c. 258E in favor of the plaintiff (D.N.) against the defendant (A.G. Jr.). D.N. appeals. We affirm.
Background. Because the judge ruled on credibility but did not otherwise express specific findings, we draw the facts from the record. See V.J. v. N.J., 91 Mass. App. Ct. 22, 25 (2017). The parties live across the street from one another. A.G. Jr. lives with his son (A.G. III) and his mother (N.G.).
On June 5, 2018, A.G. Jr., N.G., and A.G. III filed complaints for harassment prevention orders against D.N. pursuant to G. L. c. 258E. On June 11, 2018, D.N. filed complaints for harassment prevention orders against A.G. Jr. and N.G. D.N. alleged that A.G. Jr. (1) piled snow outside D.N.'s house, blocking her car; (2) directed a gang to stalk her; and (3) "cyberstalked" her. D.N. is a retired teacher and also claims that A.G. Jr. is "morally and emotionally bankrupt" as evidenced by his history of tort and defamation against his son's school.[2] A.G. Jr. denied the allegations.
At an evidentiary hearing on all five complaints, the judge found the evidence presented by N.G. and A.G. III credible. The judge issued N.G. and A.G. III harassment prevention orders against D.N. and denied relief on the other three complaints, including D.N.'s complaint against A.G. Jr., which is now before us in this appeal.[3]
Discussion. In reviewing the denial of a civil harassment prevention order under G. L. c. 258E, we consider whether the judge erred in finding that the petitioner failed to prove by a preponderance of the evidence that the alleged acts constitute harassment. See A.T. v. C.R., 88 Mass. App. Ct. 532, 535 (2015). Harassment is defined in relevant part as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1. The standard for assessing a plaintiff's fear is a subjective one. See O'Brien v. Borowski, 461 Mass. 415, 427-428 (2012). However, "fear is narrowly defined as fear of physical harm or fear of physical damage to property." Van Liew v. Stansfield, 474 Mass. 31, 37-38 (2016).
D.N. argues that the judge erred by failing to consider the entire course of A.G. Jr.'s alleged harassment. We cannot, however, "substitute our judgment for that of the judge on credibility questions." Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012). It is for the judge to evaluate the demeanor and credibility of the witness, to decide whom to believe and which parts of each witness's testimony to credit. Id. Accordingly, the judge did not err by rejecting D.N.'s complaint.
D.N. also challenges the judge's exercise of discretion in allowing A.G. III, a seventeen year old minor, to testify during the hearing. Pursuant to G. L. c. 233, § 20, "[a]ny person of sufficient understanding ... may testify in any proceeding, civil or criminal." See Commonwealth v. Alvarez, 480 Mass. 299, 310 n.4 (2018) ("The uncorroborated testimony of a child is sufficient to support a conviction of sexual assault ..."). "The determination of competency is peculiarly within the province of the judge." Commonwealth v. Brusgulis, 398 Mass. 325, 329 (1986), quoting Commonwealth v. Widrick, 392 Mass. 884, 888 (1984). We discern no error.
Order of June 12, 2018, denying relief under G. L. c. 258E, affirmed.

D.N. also alleges that A.G. Jr. photographed her in an effort to present evidence against her to the court. We need not address this allegation, as D.N. did not raise it below. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

Separately, D.N. also appeals from the harassment orders granted against D.N. in favor of N.G. and A.G. III. See Appeals Ct. Nos. 18-P-1054 and 18-P-1056. Our decisions in those two appeals issue this same day.