Following a hearing after notice, a judge in the District Court issued a harassment prevention order pursuant to G. L. c. 258E in favor of the plaintiff (A.G. III) against the defendant (D.N.). D.N. appeals. We affirm.
Background. The judge heard the following facts and, at the end of the hearing, explicitly credited the testimony of A.G. III and his grandmother, N.G.[2] The parties live across the street from one another. A.G. III lives with his father (A.G. Jr.) and N.G. On June 5, 2018, A.G. III, A.G. Jr., and N.G. filled complaints for harassment prevention orders against D.N. pursuant to G. L. c. 258E.[3] After an ex parte hearing, no order issued and all parties were ordered to appear for a scheduled hearing. On June 11, 2018, D.N. filed complaints for harassment prevention orders against A.G. Jr. and N.G. A hearing was held on all the complaints on June 12, 2018. The hearing judge heard evidence that D.N. committed three acts of harassment: D.N. (1) yelled, "Fuck the G[ ]s. I will kill you all," while A.G. III was walking the dog; (2) stated, "You have every reason to be scared of me"; and (3) tracked A.G. III's movements and took photographs of him "many times."
The judge found the evidence from A.G. III and N.G. credible, issued harassment prevention orders for N.G. and A.G. III against D.N., and declined to issue any other orders. D.N. now appeals from the harassment prevention order obtained against her by A.G. III.[4]
Discussion. "In reviewing a civil harassment order under G. L. c. 258E, we consider whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed acts that constituted one of the enumerated forms of harassment." A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 274 (2017). Harassment is relevantly defined as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1. The standard for assessing a plaintiff's fear is a subjective one. See O'Brien v. Borowski, 461 Mass. 415, 427-428 (2012). However, "fear is narrowly defined as fear of physical harm or fear of physical damage to property." Van Liew v. Stansfield, 474 Mass. 31, 37-38 (2016).
On appeal, D.N. argues that the judge abused her discretion both by allowing A.G. III to testify and by crediting A.G. III's testimony. D.N. also contends that there was insufficient evidence to support a finding of three acts of harassment.[5]
1. A.G. III's testimony and credibility. A.G. III was seventeen at the time of the hearing. As an initial matter, D.N. challenges his testimony on this ground. Pursuant to G. L. c. 233, § 20, "[a]ny person of sufficient understanding ... may testify in any proceeding, civil or criminal." See Commonwealth v. Alvarez, 480 Mass. 299, 310 n.4 (2018) ("The uncorroborated testimony of a child is sufficient to support a conviction of sexual assault ..."). "The determination of competency is peculiarly within the province of the judge." Commonwealth v. Brusgulis, 398 Mass. 325, 329 (1986), quoting Commonwealth v. Widrick, 392 Mass. 884, 888 (1984). Accordingly, we conclude the judge did not abuse her discretion by allowing A.G. III, as a minor, to testify at the hearing.
At the hearing, the judge heard testimony from all parties and explicitly credited A.G. III's and N.G.'s testimony. As fact finder, the judge had the authority to evaluate the witnesses' testimony and weigh the conflicting evidence. See Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012) ("We are in no position to substitute our judgment for that of the judge on credibility questions").[6] We discern no error or abuse of discretion.
2. Sufficiency of the evidence. D.N. denied photographing A.G. III but did not dispute that photographing someone else's child is "not correct." We are satisfied that D.N.'s yelling, "Fuck the G[ ]s. I will kill you all," and her statement, "You have every reason to be scared of me," both constitute "true threats" and therefore rise to the level of harassment pursuant to G. L. c. 258E. See J.C. v. J.H., 92 Mass. App. Ct. 224, 227-229 (2017) (holding that defendant's statements that plaintiff "should be scared" and that he would "ruin" her constituted "true threats"). See also Commonwealth v. Robicheau, 421 Mass. 176, 181, 183 (1995) (holding that threat to kill plaintiff was not protected speech and violated protective order issued pursuant to G. L. c. 209A). As such, the judge could have found by a preponderance of the evidence that these threats, paired with D.N.'s repeated photographing of A.G. III, constituted three separate acts of harassment.
Harassment prevention order dated June 12, 2018, affirmed.

Because the judge ruled on credibility but did not otherwise express specific findings, we draw the facts from the record. See V.J. v. N.J., 91 Mass. App. Ct. 22, 25 (2017).

D.N. alleges that A.G. III, A.G. Jr., and N.G. filed their complaints to undermine the complaint D.N. was preparing against A.G. Jr. We need not address this allegation, as D.N. did not raise it below. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

D.N. also appeals from the harassment prevention order issued in favor of N.G. and from the denial of relief on her complaint for an order against A.G. Jr. See Appeals Ct. Nos. 18-P-1054 and 18-P-1055. Our decisions in those two appeals issue this same day.

D.N. makes several arguments pertaining to how the judge weighed the evidence in N.G.'s case for a harassment prevention order against D.N. Those instances are not relevant to this appeal, as they do not involve A.G. III. Moreover, there is no indication that the judge relied on the evidence in N.G.'s case in granting relief on A.G. III's complaint. Nevertheless, we conclude that the judge could have found by a preponderance of the evidence that D.N. engaged in at least three separate acts that were intended to, and did, cause A.G. III fear, intimidation, abuse, or damage to property based on A.G. III's case alone.

D.N. alleges that A.G. Jr. and N.G. pressured A.G. III to commit perjury at trial. We need not address this allegation, as D.N. did not raise it below. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).