NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

19-P-866                                        Appeals Court

 AMHERST COMMUNITY TELEVISION, INC. <u>vs</u>. GERALD G. GUIDERA, JR.


No. 19-P-866.      May 5, 2020.


<u>"Anti-SLAPP" Statute</u>.  <u>Practice, Civil</u>, Motion to dismiss, Interlocutory appeal.


In this interlocutory appeal, Gerald Guidera, the defendant, seeks reversal of a Superior Court judge's order allowing Amherst Community Television's (ACT) special motion to dismiss Guidera's counterclaims pursuant to the anti-SLAPP[1] statute, G. L. c. 231, § 59H. For the reasons that follow, we conclude that the appeal is not properly before us.

The underlying dispute concerns ACT's claim that Guidera was aware of, but failed to disclose, certain defects in real property (the property) sold to ACT by Guidera's mother. ACT's second amended complaint alleged claims for common-law fraud and unfair and deceptive business practices under G. L. c. 93A.[2] Guidera filed counterclaims alleging abuse of process, malicious prosecution, interference with contractual relations, civil conspiracy, and violations of G. L. c. 93A and the Massachusetts Civil Rights Act. In essence, the counterclaims alleged that ACT's lawsuit sought to extort money from Guidera and to prevent him from speaking against ACT's application for a zoning variance regarding the property.

---

[1] The acronym "SLAPP" stands for Strategic Lawsuit Against Public Participation. See <u>Baker</u> v. <u>Parsons</u>, 434 Mass. 543, 544 n.2 (2001).

[2] The fraud claim was dismissed as untimely pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).

ACT filed a special motion to dismiss the counterclaims pursuant to G. L. c. 231, § 59H, arguing that Guidera's counterclaims lacked "a substantial basis other than or in addition to [ACT's] petitioning activities."[3]  After a hearing, the motion judge agreed.  In a comprehensive written decision, the motion judge allowed ACT's special motion to dismiss, reasoning that the counterclaims were "intended to chill ACT's legitimate petitioning activities" and were not "colorable."  This appeal followed.

Where "a case involves multiple claims and multiple parties, a judgment dismissing fewer than all of the claims or parties is interlocutory and . . . [is] not immediately appealable absent a 'determination [by a judge in the trial court] that there is no just reason for delay and upon an express direction for the entry of [final] judgment.'"  Harrison v. Roncone, 447 Mass. 1001, 1001-1002 (2006), quoting Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).  As a general rule, "an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits" (citation omitted).  Fabre v. Walton, 436 Mass. 517, 520-521 (2002).

There are exceptions to this general rule.  For example, the doctrine of present execution provides that an "immediate appeal of an interlocutory order is allowed if the order will interfere with rights in a way that cannot be remedied on appeal from the final judgment."  Fabre, 436 Mass. at 521.  The Supreme Judicial Court has held that this exception applies after the denial of a special motion to dismiss because the protections of the anti-SLAPP statute would be lost if the petitioner were forced to litigate a case to conclusion before seeking appellate relief.  Id. at 521-522.  "Conversely, when a special motion to dismiss -- which is not dispositive of the entire case -- is allowed, the nonmoving party's appeal after a final judgment is not futile. . . .  If the judge were incorrect in allowing the special motion, the claim improperly dismissed can be

_____

[3] To prevail on a special motion to dismiss, the moving party must make a threshold showing that the claims against it are based on petitioning activity alone.  The burden then shifts to the nonmoving party to show that the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law, or that the nonmoving party's claim, viewed as a whole, was nonetheless not a SLAPP suit.  Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 155-159 (2017), S.C., 483 Mass. 200 (2019).

resurrected." (Emphasis added.) <u>Metzler</u> v. <u>Lanoue</u>, 62 Mass. App. Ct. 655, 657 (2004).

Here, it is undisputed that ACT's special motion to dismiss did not resolve all pending claims and that Guidera did not request, and the judge did not direct, a separate and final judgment under rule 54 (b). In these circumstances, we have said that "the <u>allowance</u> of the special motion to dismiss -- which is not dispositive of all claims and is not the subject of a rule 54(b) certification -- is not immediately appealable because it does not render futile plaintiff's rights of appeal from final judgment." <u>Metzler</u>, 62 Mass. App. Ct. at 657-658, citing <u>Borman</u> v. <u>Borman</u>, 378 Mass. 775, 779-782 (1979), and <u>Fabre</u>, 436 Mass. at 521.

We are not persuaded by Guidera's argument that <u>Van Liew</u> v. <u>Stansfield</u>, 474 Mass. 31 (2016), compels a different result. There, the Supreme Judicial Court, in the exercise of its discretion, held that in a case pending in the District Court, a party who seeks to appeal from the denial or the allowance of a § 59H special motion to dismiss should file the appeal in the Appeals Court rather than in the Appellate Division of the District Court Department.[4] <u>Id</u>. at 35-36. See <u>Zullo</u> v. <u>Goguen</u>,

---

[4] In <u>Van Liew</u>, the Appellate Division of the District Court Department vacated an order of the District Court that had allowed an anti-SLAPP special motion to dismiss all of the plaintiff's underlying claims, and remanded the case to the District Court for trial. <u>Van Liew</u>, 474 Mass. at 34. (The District Court order was immediately appealable because allowance of the special motion to dismiss resolved all pending claims; by vacating that order, the Appellate Division essentially denied the special motion. See <u>id</u>. at 35.) When the defendant filed an appeal from the Appellate Division's decision, the plaintiff sought dismissal of the appeal, arguing that the Appellate Division's decision was interlocutory and that there was no final judgment from which to appeal. <u>Id</u>. at 34. The Supreme Judicial Court rejected that argument. Citing <u>Fabre</u>, 436 Mass. at 521-522, the court first noted that its prior holding that appeals from orders denying special motions to dismiss should go directly to the Appeals Court applied equally to appeals from such orders issued by the Appellate Division. <u>Van Liew</u>, <u>supra</u> at 35. The court then held more generally that, going forward, a party seeking to appeal from a District Court order allowing or denying a special motion to dismiss should bypass the Appellate Division and proceed directly to the Appeals Court. <u>Id</u>. at 35-36.

423 Mass. 679, 681 (1996) ("[The Supreme Judicial Court] has wide discretion in devising various procedures for the course of appeals in different classes of cases" [quotation and citation omitted]).  We do not interpret the holding in Van Liew to change the rules regarding the appealability of anti-SLAPP orders.  Rather, Van Liew stands for the limited proposition that District Court rulings on anti-SLAPP motions that are immediately appealable should proceed directly to the Appeals Court, rather than the Appellate Division of the District Court. Certainly, nothing in Van Liew's language suggests that it was intended to overrule Metzler or our "bedrock policy against premature and piecemeal appeals."  Metzler, 62 Mass. App. Ct at 657, quoting Long v. Wickett, 50 Mass. App. Ct. 380, 388 (2000).

For all of these reasons, we conclude that Guidera's interlocutory appeal is premature.  The appeal is dismissed, and the case is remanded to the Superior Court for resolution of the remaining claims.[5]

So ordered.

Peter Vickery for the defendant.
Paul G. Boylan (Kevin G. Kenneally also present) for the plaintiff.

---

[5] The plaintiff's request for appellate attorney's fees is denied.