NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1115

MICHAIL SITKOVSKY

vs.

JANE SULLIVAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a judge denied a request by the defendant, Jane Sullivan, for a harassment prevention order pursuant to G. L. c. 258E, § 3, the plaintiff, Michail Sitkovsky, filed a District Court action against Sullivan for abuse of process and malicious prosecution.  In this interlocutory appeal, Sullivan challenges the same judge's denial of her G. L. c. 231, § 59H, (anti-SLAPP) special motion to dismiss Sitkovsky's complaint against her.  We affirm.

Discussion.  We review de novo the ruling on an anti-SLAPP motion to dismiss.  See Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 562 (2024).  As the proponent of an anti-SLAPP motion to dismiss, Sullivan had the

initial burden of showing that Sitkovsky's claims against her were based on "petitioning activities alone and [had] no substantial basis other than or in addition to the petitioning activities" (quotation and citation omitted).  Id. at 555-556. Sitkovsky does not dispute that his claims against Sullivan were based solely on Sullivan's petitioning activity, the filing of a harassment prevention complaint against him.  Because Sullivan thus met her initial burden of showing that Sitkovsky's claims against her were based on petitioning activity, the burden shifted to Sitkovsky to show that the petitioning activity (1) "was devoid of any reasonable factual support or any arguable basis in law" and (2) "caused actual injury to [Sitkovsky]."  Id. at 557, quoting G. L. c. 231, § 59H.

Under this rubric, Sitkovsky first was required to show that "no valid basis for [a harassment prevention] order was presented" by Sullivan.  Van Liew v. Stansfield, 474 Mass. 31, 40 (2016).  To obtain a harassment prevention order, Sullivan had to demonstrate "harassment," which the statute defines in relevant part as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property."  G. L. c. 258E, §§ 1, 3.

In support of her petition for a harassment prevention order, Sullivan alleged three incidents.[1]  During the first incident, on May 1, 2023, as Sullivan sat on her deck, Sitkovsky walked nearby on a common walkway.  Sitkovsky saw Sullivan taking a video of him with her cell phone and said, "you can take a photo of me; can I take one of you?"  When Sullivan replied "no," Sitkovsky raised his right hand in a fist and stated, "just like when you called me a fucking Jew."  Next, on June 16, 2023, while Sullivan and her husband sat on their deck with a friend, Sitkovsky stared at them "for a minute" from the adjacent common area.  He left and returned to the area twice over the following several minutes, walking by the Sullivans' deck, waving, and doing "old fashioned aerobic exercise moves" that involved "gyrating . . . his hips."  There was no verbal exchange.  Finally, on June 23, 2023, Sullivan's husband and Sitkovsky video recorded each other while Sullivan and her husband were on their deck and Sitkovsky stood in the common area.

None of these incidents provide a nonfrivolous basis for showing harassment under the statute.[2]  There was no evidence

---

[1] Sullivan claimed that Sitkovsky's "harassment" of her stemmed from the parties being on opposite sides of an arbitration proceeding in 2022 regarding the color of the Sullivans' replacement windows.

[2] After an evidentiary hearing over parts of three days, the judge denied Sullivan's petition for a harassment prevention

3

that Sitkovsky "intended to cause . . . intimidation, fear of personal injury, or damage to property." Seney v. Morhy, 467 Mass. 58, 63 (2014). Nor did Sullivan allege that Sitkovsky physically harmed her, verbally threatened to harm her or her property, or caused any damage to her property. Id. Moreover, it was not clear that either June incident was "aimed" at Sullivan, as opposed to her husband or their guest. See id. (no act of harassment where conduct not specifically directed at plaintiff). We thus conclude that Sitkovsky satisfied his burden to show that Sullivan's petitioning activity lacked "any reasonable factual support or any arguable basis in law."[3] Van Liew, 474 Mass. at 39, quoting G. L. c. 231, § 59H.

---

order in a detailed and thoughtful memorandum of decision. Sullivan did not appeal the judge's decision, and any such appeal would have been frivolous.

[3] We are not persuaded by Sullivan's contention that a recommendation by local police that she apply for a harassment prevention order demonstrated that her petition had an arguable basis in fact or law, where police officers are statutorily mandated to notify a person reporting harassment of the right to seek such an order. See G. L. c. 258E, § 8 (5). See also Van Liew, 474 Mass. at 33. Nor do we agree that the judge's summary denial of Sitkovsky's motion for directed verdict on the harassment prevention order petition had any bearing on the denial of Sullivan's special motion to dismiss. Contrast McLarnon v. Jokisch, 431 Mass. 343, 349 (2000) (defendants' abuse prevention order petitions did not lack factual and legal basis where "several judges granted or extended protective orders against the plaintiff"). There is no indication in the record that the judge denied the motion because he concluded that the plaintiff had made a nonfrivolous showing of harassment. To the extent that we do not address Sullivan's other contentions, they have not been overlooked. We either

4

Sitkovsky also met the second requirement necessary to defeat Sullivan's anti-SLAPP special motion to dismiss.  He stated in an uncontradicted affidavit that he "incurred $17,870.00 in attorneys' fees" as a result of the harassment prevention case.  This was sufficient to show that Sullivan caused "actual injury" to Sitkovsky.  Van Liew, 474 Mass. at 40.[4]

Order denying special motion to dismiss affirmed.

By the Court (Blake, C.J., Ditkoff & Brennan, JJ.[5]),

*Paul Little*

Clerk

Entered:  June 24, 2025.

_____

find nothing in them that requires discussion, or they do not rise to the level of adequate appellate argument as required by Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004).

[4] Sitkovsky's request for appellate attorney's fees is denied.

[5] The panelists are listed in order of seniority.