NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-234

M.A.

vs.

O.K.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, O.K.H., appeals from a G. L. c. 258E harassment prevention order issued, after a two-party hearing, by a judge of the West Roxbury Division of the Boston Municipal Court.  The defendant argues that the plaintiff, M.A., failed to prove the occurrence of three acts constituting harassment, as required by G. L. c. 258E, § 1.  We agree and therefore vacate the order.

To obtain the order, the plaintiff was required to prove, by a preponderance of evidence, that the defendant willfully and maliciously committed three separate acts that were intended to cause her fear, intimidation, abuse, or damage to property, and that, "considered together, did in fact cause fear,

intimidation, abuse, or damage to property."  O'Brien v.
Borowski, 461 Mass. 415, 426 & n.8 (2012), abrogated on another
ground, Seney v. Morhy, 467 Mass. 58, 61-62 (2014).  The judge,
in granting the order, made no findings regarding which acts
satisfied this requirement.  We therefore review the evidence to
determine if there was proof of three such acts.

Because many of the acts of harassment alleged by the
plaintiff consisted merely of speech, we emphasize at the outset
that "[t]he definition of 'harassment' in c. 258E was crafted by
the Legislature to 'exclude constitutionally protected speech,'
. . . and to limit the categories of constitutionally
unprotected speech that may qualify as 'harassment' to two:
'fighting words' and 'true threats.'"  Van Liew v. Stansfield,
474 Mass. 31, 37 (2016), quoting O'Brien 461 Mass. at 425.

"Fighting words" are "a direct personal insult addressed to
a person" and "so personally abusive that they are plainly
likely to provoke a violent reaction and cause a breach of the
peace."  Seney, 467 Mass. at 63, quoting O'Brien, 461 Mass. at
423.  "As for 'true threats,' these include 'direct threats of
imminent physical harm,' as well as 'words or actions that --
taking into account the context in which they arise -- cause the
victim to fear such [imminent physical] harm now or in the
future.'"  Van Liew, 474 Mass. at 37, quoting O'Brien, 461 Mass.

2

at 425.  "And fear is narrowly defined as fear of physical harm or fear of physical damage to property; it must be more than 'a fear of economic loss, of unfavorable publicity, or of defeat at the ballot box.'"  Van Liew, 474 Mass. at 37-38, quoting O'Brien v. Borowski, 461 Mass. at 427.  "[O]ur appellate courts have repeatedly held . . . that conduct that might be considered harassing, intimidating, or abusive in the colloquial sense, . . . was not adequate to meet the standard spelled out in O'Brien."  A.R. v. L.C., 93 Mass. App. Ct. 758, 761 (2018).

With those principles in mind, we have carefully reviewed both the affidavit filed by the plaintiff in support of her complaint and the testimony by both parties at the hearing.  The plaintiff's affidavit states that the defendant approached the plaintiff in the parking lot of their church and stated her intent to "blow [the plaintiff's] cover" by informing clergy and others associated with their church who the plaintiff "really [was]."  The defendant then accused the plaintiff of various types of misconduct.[1]  Although such accusations, if made, were no doubt upsetting to the plaintiff, none of them met the

---

[1] The allegations included that the plaintiff had injured her stepson's mother, had offered "oral sex" to her now-deceased stepson, and had instructed her religion students in "devil worship."  Another allegation was that the plaintiff's family foundation was not providing financial assistance to certain other families.

3

definitions of fighting words or a true threat set forth in O'Brien. None of them was "plainly likely to provoke a violent reaction and cause a breach of the peace." O'Brien, 461 Mass. at 423. Nor did the plaintiff's affidavit state, or support any inference, that she was placed in "fear of physical harm or fear of physical damage to property." Van Liew, 474 Mass. at 37-38. Fear of unfavorable publicity does not suffice. See id. at 38.

The affidavit also stated that the defendant had come to the plaintiff's house at 1 A.M. on Christmas Day to deliver a postcard, thereby frightening the plaintiff. Even assuming that the plaintiff feared for her physical safety, and that the defendant willfully and maliciously came to the plaintiff's door with the intent to cause her such fear (a point on which there was no evidence), this was merely one act, not the three that are required by G. L. c. 258E.

The plaintiff's testimony at the hearing repeated and expanded on some of the incidents recounted in her affidavit but did not add to the evidence necessary to show that those incidents rose to the level of fighting words or true threats. The plaintiff also testified to some additional incidents, including that the defendant had attended several Spanish-language church services despite not speaking Spanish, that the defendant had told church personnel that the plaintiff had made

4

inappropriate Facebook posts, and that the defendant had told a person assisting at the church that the plaintiff had kidnapped or harassed her (apparently meaning the plaintiff's own) children.  These incidents, too, failed to constitute fighting words or true threats.

The defendant, for her part, gave more benign versions of many of the incidents related by the plaintiff.  But even if the judge did not credit the defendant's perspectives, the defendant said nothing that added to the evidence of any fighting words, true threats, or other acts constituting harassment.  Therefore, we conclude that there was insufficient evidence of the three acts of harassment needed to support the order, and it must be vacated.  The case is remanded for the entry of an order vacating and setting aside the harassment prevention order.

<u>So ordered</u>.

By the Court (Vuono, Neyman & Sacks, JJ.[2]),

Clerk

Entered: February 27, 2026.

---

[2] The panelists are listed in order of seniority.